# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH E. MUCHA,
                Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
DE-0831-14-0392-I-1

DATE: February 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sharon A. Herberger</u>, Mesa, Arizona, for the appellant.

<u>Patrick Jennings</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) that dismissed his request for reconsideration as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        OPM issued an initial decision on February 11, 2013, denying the appellant's request to provide survivor annuity benefits to his spouse because he had not notified the agency of an election for a reduced annuity with a survivor benefit within the 2-year time limit.  Initial Appeal File (IAF), Tab 6 at 9.  OPM notified the appellant that he must file a request for reconsideration within 30 days of the date of the initial decision letter.  *Id*.  The appellant submitted a request for reconsideration, postmarked on June 11, 2013, which acknowledged receipt of the initial decision via mail in February but provided no explanation for his delayed response.  *Id*. at 7-8.  OPM dismissed the request as untimely, noting that the appellant had not provided sufficient argument or evidence justifying an extension of the time limit.  *Id*. at 5.

¶3        The appellant filed an appeal with the Board, stating that he has a neurodegenerative disease but providing no argument explaining his untimely request for reconsideration.  IAF, Tab 1 at 1-2, 5.  The administrative judge

notified the appellant of the applicable regulations regarding timely requests for reconsideration and ordered the appellant to respond regarding his apparent untimely action before OPM. IAF, Tab 8 at 1. The appellant responded by arguing the merits of his reconsideration request without addressing the timeliness issue. IAF, Tab 9. Based on the written record, the administrative judge affirmed OPM's decision dismissing the request for reconsideration as untimely. IAF, Tab 10, Initial Decision (ID) at 1. The administrative judge found that the appellant had identified no basis for granting a waiver of the time limit and had provided no evidence indicating he was unaware of the time limit or prevented by circumstances beyond his control from making a timely request. ID at 3-5. The administrative judge found that none of the evidence presented by the appellant on appeal, including arguments concerning events that occurred after his untimely filing of a request for reconsideration, provided sufficient explanation for his untimeliness. ID at 5-7. The appellant has filed a petition for review, providing evidence concerning the merits of his request for reconsideration, but again failing to address the timeliness issue. Petition for Review (PFR) File, Tab 1.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        A request for reconsideration of an OPM initial decision must be received by OPM within 30 calendar days of the date of the initial decision. 5 C.F.R. § 831.109(e)(1). OPM has discretion to extend the time limit for filing a request for reconsideration when the individual shows that he was not notified of the time limit and was not otherwise aware of it, or that circumstances beyond his control prevented him from making the request within the time limit. *Azarkhish v. Office*

---

[2] On January 13, 2015, the Clerk of the Board received from the appellant a "Request for Leave to File Supplemental and Additional Pleading." PFR File, Tab 6. We GRANT the appellant's motion and have reviewed the material that the appellant submitted with his motion. We find, however, that the appellant's argument and evidence contained therein do not change the outcome of this matter.

*of Personnel Management*, [915 F.2d 675](#), 677 (Fed. Cir. 1990); [5 C.F.R. § 831.109](#)(e)(2). If the appellant fails to make this showing, the issue of whether OPM was unreasonable or abused its discretion in denying his untimely request for reconsideration is not reached. *Azarkhish*, 915 F.2d at 678; *Davis v. Office of Personnel Management*, [104 M.S.P.R. 70](#), ¶ 7 (2006).

¶5        The administrative judge correctly found that the appellant did not show that he was not aware of the time limit or that he was prevented by circumstances beyond his control from filing a timely request for reconsideration. ID at 4-6. The appellant has failed to address his untimely request for reconsideration on appeal or review. The appellant has not disputed the clear evidence that he mailed his request on June 11, 2013, about 3 months after OPM's regulatory time limit had elapsed. *See* IAF, Tab 6 at 7-8; *see also* ID at 3. His reconsideration request acknowledged receipt of the initial decision in February 2013, which provided notice of the time limit. IAF, Tab 6 at 7-9. Thus, the administrative judge correctly found that the appellant was aware of the time limit. ID at 4.

¶6        The appellant has made no argument that he was prevented by circumstances beyond his control from making the request within the required time limit. Although the appellant has generally referred to an alleged neurodegenerative disease, he has provided no medical evidence and made no specific argument that his medical condition affected his ability to timely file his request for reconsideration. *See* IAF, Tab 1 at 5, Tab 9; *see also* PFR File, Tab 1 at 7-8. The administrative judge reviewed the appellant's statements to the Board, including assertions concerning a "government shut down" that occurred after his untimely filing of a request for reconsideration and OPM's alleged advice regarding the appellant's marital status, but properly found that none of the evidence provided sufficient explanation for his untimeliness. ID at 5-7. Thus, we find that, because the record evidence supports the administrative judge's findings that the appellant was aware of the time limit and that no circumstances beyond his control prevented him from filing a timely request for

reconsideration, "under the regulation OPM could not have been found to have abused its discretion in refusing reconsideration." *See Azarkhish*, 915 F.2d at 676.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.